## Lydia J. Cadwell v. Leonard H. Randall and others.

*Contracts: Construction: Conditions precedent: Performance.* Sureties on a *ne exeat* bond in a divorce suit having, after decree granting alimony and continuing the *ne exeat* in force, and after their principal had committed a breach of the bond and suit had been brought on the same, entered into a contract with the complainant in the divorce suit, whereby they undertook, in case they should obtain leave to and should surrender their principal in their discharge as sureties, and should thereupon be discharged, and further, in case such principal should not perform such decree and should be committed for contempt or for want of bail, in consideration that the suit on the bond should be discontinued, and

which it was declared should be done on such surrender, to pay all the costs and fees of the jailer for the custody and keeping of said principal, and in case the principal should not eventually, and before being discharged, pay or perform the decree in the divorce suit, or satisfactorily secure the same, then to pay said complainant the amount for which they were sureties in the bond, it was held that the obtainment of the discharge of the sureties from liability on the bond, and the capture and surrender of their principal, and the discontinuance of the suit on the bond, and the enforcement of the decree against said principal if practicable, were conditions precedent to any liability on the part of said sureties to pay said complainant any thing upon said contract; and that a finding of facts which negatives performance of these several conditions precedent, is conclusive against any right of action in favor of said complainant on said contract.

*Heard April 5. Decided April 17.*

Error to Allegan Circuit.

*Hughes, O'Brien & Smiley,* for plaintiff in error.

*Blair, Stone & Kingsley* and *Norris & Uhl,* for defendants in error.

GRAVES, J :

Mrs. Cadwell filed a bill against her husband, George W. Cadwell, for a divorce. She caused a writ of *ne exeat* to be issued, on which he was arrested by the sheriff, and then liberated on bail.

The amount was five thousand dollars, and the defendant Randall and the decedent Foster became sureties that Cadwell would remain within the state. Subsequently the court decreed a divorce, and further, that Cadwell should pay certain sums by way of allowance. The decree also continued the *ne exeat* in force. But shortly after such decree, Cadwell went to another state, without leave of the court and contrary to the obligation of the bond.

The sheriff thereupon obtained leave to prosecute the bond, and accordingly impleaded Randall and Foster, the sureties upon it, in the circuit court for Kent county. Issue was joined and the cause noticed for trial, which, however, was postponed. This was in 1871, and whilst matters were in this shape, and on the 2d of November of that year,

CADWELL *v.* RANDALL.

Randall and Foster made a writing under their hands and seals, and which, as Mrs. Cadwell claims, was an agreement with her, and has, in the events which have taken place, invested her with a cause of action for a large amount. The present suit is based on that paper. It provided that in case Randall and Foster should obtain leave of the court of chancery to surrender, and should surrender, Cadwell in their discharge as sureties in the *ne exeat* bond, and they should be discharged, and in case Cadwell should not perform the decree in the divorce suit and should be committed for contempt or for want of bail, and in consideration that the suit at law on the bond should be discontinued, and which it was declared should be done on such surrender of Cadwell by Randall and Foster as before mentioned, that then said Randall and Foster should pay all the costs and fees of the jailer for the custody and keeping of said Cadwell; and further, in case Cadwell should not eventually, and before being discharged, pay or perform the decree in the divorce suit, or satisfactorily secure the same, then said Randall and Foster should pay to Mrs. Cadwell the amount for which they were sureties in the bond.

On the part of the defense the general issue was pleaded, with notice of set off.

The case was tried without a jury, and the judge made a special finding of facts. He found that Mrs. Cadwell had failed to establish a cause of action, and that the defense had made out a valid claim by way of set off, for five hundred and sixty-one dollars and ninety-four cents.

Judgment was accordingly given against Mrs. Cadwell for that sum, together with the costs of suit; and she complains that the facts do not sustain the judgment. Her position is, that by the finding a cause of action is made out in her favor on the writing executed by Randall and Foster.

We cannot take this view of the case. We think the finding distinctly negatives the existence of a cause of action in her favor on the covenant.

That instrument contemplated that in order to bring it into effective operation and fix Randall and Foster with liability under it, several distinct incidents would have to occur, and Randall and Foster were not bound for the bringing about of these incidents. Whether they would or would not occur was uncertain, and the writing so regarded them.

The obtainment of their discharge from liability on the bond by Randall and Foster, and the capture and surrender of Cadwell under the *ne exeat*, the discontinuance of the suit upon the bond, and the enforcement against him, if practicable, of the decree, were the important objects, and they were to precede any liability to pay Mrs. Cadwell any thing whatever.

Now the judge has found in substance and effect that Cadwell was never surrendered under the *ne exeat*, that Randall and Foster were never discharged from liability by the court, that the suit on the bond has not been discontinued; and this finding is conclusive against any right of action on the covenant.

The circumstances and contingencies upon which it was to become efficacious and have active operation, have not taken place.

The judgment must be affirmed, with costs.

The other Justices concurred.